**Amrit SINGH, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 07–70553.**

United States Court of Appeals, Ninth Circuit.

*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provid-

Submitted Sept. 10, 2012.*

Filed Sept. 18, 2012.

Jaime Jasso, Esquire, Law Offices of Jaime Jasso, Westlake Village, CA, for Petitioner.

Molly Louise Debusschere, Trial, Mary Lee Quinn, Esquire, Trial, Patricia Ann Smith, Senior Litigation Counsel, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Amrit Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his motion to reopen deportation proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and review de novo questions of law. *Mohammed v. Gonzales,* 400 F.3d 785, 791–92 (9th Cir.2005). We deny the petition for review.

Singh contends that this petition for review was rendered moot when he was deported from the United States because that deportation terminated these proceedings. *See* 8 C.F.R. §§ 245.1(c)(8)(ii)(A), 245.2(a)(1). This contention fails because the government's admittedly erroneous de-portation of Singh did not constitute a "departure" within the meaning of the immigration laws. *See Salgado–Diaz v. Gonzales,* 395 F.3d 1158, 1164 (9th Cir.2005) (the term " 'departure' in the immigration context excludes departures illegally executed by the government"); *see also Mendez–Alcaraz v. Gonzales,* 464 F.3d 842, 844 (9th Cir.2006) (under IIRIRA's permanent rules, the court has jurisdiction over a petition for review filed by a petitioner who has been deported).

The agency did not abuse its discretion in denying Singh's motion to reopen based on lack of notice where the record reflects that he was personally served with notice of the hearing at which he was ordered deported in absentia. *See* 8 C.F.R. § 1003.23(b)(4)(iii)(A)(2). Singh's contention that the IJ violated his right to due process by ruling on his motion before he had an opportunity to review the record of proceedings fails because he has not established prejudice resulting from the alleged violation. *See Robleto–Pastora v. Holder,* 591 F.3d 1051, 1062 (9th Cir.2010) (due process claim relating to inability to obtain immigration records failed where petitioner could not show that the violation potentially affected his eligibility for relief).

**PETITION FOR REVIEW DENIED.**

---

ed by 9th Cir. R. 36–3.

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.